Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff*
*Addie Gwinn*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADDIE GWINN, individually and on behalf of others similarly situated,**<br><br>                              **Plaintiffs,**<br>v.<br><br>**ACCUDATA CREDIT SYSTEMS, LLC,**<br><br>                              **Defendant.** | Case No: 5:17-cv-1795<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ. AND**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br><br>**JURY TRIAL DEMANDED** |

1

Complaint for Damages

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Addie Gwinn ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Accudata Credit Systems, LLC ("Defendant" or "Accudata") and present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities for willfully violating debt collection laws.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

Complaint for Damages

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA 15 U.S.C. § 1692 *et seq.* and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA" or "Rosenthal Act") in their entirety.

9. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to an attempt by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

3

Complaint for Damages

14. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.

15. Because Defendant does business within the State of California, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. § 1391.

17. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

18. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County and County of San Bernadino, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g) and a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

19. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

20. Plaintiff is informed and believes, and thereon alleges, that Accudata Credit Systems, LLC is, and at all times mentioned herein was, a limited liability company with its principal place of business in Missouri. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of San Bernadino, within this judicial district. Defendant is, and at all times mentioned herein was, a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(b), because Defendant regularly and in the ordinary course of business collects debts on behalf of other entities.

21. Defendant is a collection agency, which in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

22. Here, Defendant collected a debt on behalf of Herman-Schields, LLC.

4

Complaint for Damages

23. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS AND DISCUSSION

25. Around 2015 Plaintiff incurred a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) for a debt to Herrman-Shields, LLC.

26. After Plaintiff became delinquent on the alleged debt, the debt was transferred, sold, or assigned to Defendant for collection.

27. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

28. On April 28, 2017, Defendant mailed Plaintiff a debt collection letter to Plaintiff's home address in California informing Plaintiff that "[Plaintiff's] account has been placed in [Defendant's] hands by the above-named client with full authority to demand payment." This was the initial communication between Plaintiff and Defendant.

29. One of the most important requirements under the FDCPA is the "G-notice" prescribed by 15 U.S.C. § 1692g.

30. Under 15 U.S.C. § 1692g, a debt collector must send a written notice that informs the debtor of the amount of the debt, to whom the debt is owed, and the debtor's right to dispute the debt in writing within thirty (30) days of receipt of the letter, and the debtor's right to obtain a verification of the debt.

31. Debt collector's activities may not contradict the rights under the 1692g notice in any way. *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 991 (9th

Cir. 2017); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).

32. Overshadowing occurs when the letter fails to explain an apparent contradiction which in any way affects the debtor's rights.

33. Pursuant to 15 U.S.C. § 1692g, in its initial letter to a debtor, Defendant must provide the debtor with a thirty (30) days to dispute the debt.

34. Although Defendant provided in its correspondence that Plaintiff may have 30 days to dispute the debt, it also demanded a payment by stating the following:

> You may not have intentionally neglected this obligation, but it is now seriously past due and demands your IMMEDIATE ATTENTION!
> If you would like our cooperation then:
> #1. Remit payment in full to this office within 30 days. Or;
> #2. Contact this office in person or by telephone to make arrangement to satisfy your obligation.

35. Defendant's demand for payment within the initial 30 day period during which Plaintiff had the right to dispute the debt, overshadowed Plaintiff's statutory rights. *See Mashiri,* 845 F.3d at 991 (holding that a demand for payment made within thirty-five days of the initial correspondence overshadowed debtor's rights to dispute).

36. Defendant's debt collection letter also failed to comply with Cal Civ. Code 1812.700.

37. Under Cal Civ. Code 1812.700, a debt collector must provide a notice to debtors explaining their rights under the Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act.

38. California legislature requires debt collectors to put debtors on notice as to their rights in order to avoid abusive conduct by debt collectors.

39. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive collection practices, Plaintiff has suffered mental anguish by way of

6

Complaint for Damages

embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant's unlawful collection efforts.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class").

41. Plaintiff represents, and is a member of the Class, defined as follows:

42. All persons with an address in California, who received letters that were the substantially similar to Plaintiff's letter dated April 28, 2017, at any time one year prior to the date of the filing of this action.

43. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   (1) Whether Defendant's voice messages violated the FDCPA;
   (2) Whether Defendant's voice messages violated the RFDCPA;
   (3) Whether members of the Class are entitled to the remedies under the FDCPA;
   (4) Whether members of the Class are entitled to the remedies under the RFDCPA;
   (5) Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;
   (6) Whether members of the Class are entitled to declaratory relief pursuant to the RFDCPA;
   (7) Whether members of the Class are entitled to injunctive relief pursuant to

    the FDCPA;

  (8) Whether members of the Class are entitled to injunctive relief pursuant to the RFDCPA;

  (9) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

  (10) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

  (11) Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA; and

  (12) Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the RFDCPA.

45. As a person that received at least one written communication from Defendant in violation of Federal and State fair debt collection laws, Plaintiff is asserting claims that are typical of the Class.

46. Plaintiff will fairly and adequately protect the interests of the Class.

47. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

48. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

Complaint for Damages

51. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

52. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. Because Defendant serviced the accounts of the Class members and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.

55. As fully discussed above, Defendant's letters are in violation of 15 U.S.C. § 1692g, because it overshadowed Plaintiff's and the Class's statutory rights, and demanded a payment from Plaintiff and the Class within thirty (30) days.

56. Defendant sent Plaintiff and the Class an initial debt collection letter without any notice to Plaintiff and Class regarding their rights in violation of 15 U.S.C. § 1692d which states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

57. Defendant's failure to provide notice to Plaintiff and the Class of their rights in Defendant's initial communication to Plaintiff and the Class in violation of 15 U.S.C. § 1692e and particularly 15 U.S.C. § 1692e which states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . ."

58. Defendant's collection efforts were therefore false, deceptive, and misleading because Defendant did not provide Plaintiff and the Class with the requisite

notice informing Plaintiff and the Class of their rights in the initial communication from Defendant.

59. As a direct and proximate result of Defendant's violations of the 15 U.S.C. § 1692 et seq, Plaintiff and the Class have suffered injury, and may recover statutory damages from Defendant in addition to actual damages and reasonable attorney fees and costs pursuant to the FDCPA.

60. Defendant further violated 15 U.S.C. §§ 1692d and 1692f for using unfair, abusive, and unconscionable means to collect the debt.

61. Plaintiff Is entitled to damages as a result of Defendant's violations.

62. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE § 1788, ET SEQ.

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

64. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

65. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

66. Defendant in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

///

///

67. Defendant did not include the requisite notice to debtors in its initial communications to Plaintiff and the Class members at their California addresses. Cal. Civ. Code § 1812.700 states that:

> "(a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt

10

Complaint for Damages

      Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:

      "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

      (b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector."

68. Defendant mailed Plaintiff and the Class members debt collection letters absent the notice of debtor's rights in violation of 15 U.S.C. § 1692g and 1692d which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17.

69. Defendant willfully and knowingly violated the RFDCPA. As a "debt collector" under the RFDCPA it is fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

70. A willful violation occurs where the violator intends to do the act which makes up the violation. In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited

Complaint for Damages

character." Defendant's dispatch of the initial debt collection letters absent the requisite notice of debtor's rights to a California address constitutes a willful and knowing violation of the RFDCPA.

71. Plaintiff is entitled to damages as a result of Defendant's willful violations.

72. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes; and
- Plaintiff and each Class Member be awarded:

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FDCPA

73. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

74. Attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

75. Interest, punitive damages and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE RFDCPA

76. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, et seq pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32. *Gonzales v. Arrow Financial Services, LLC*, 489 F.Supp.2d 1140, 1143 (S.D. Cal. 2007);

77. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

78. Interest, punitive damages and any other relief the Court deems just and proper.

Complaint for Damages

### TRIAL BY JURY

79. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: September 5, 2017

**HYDE & SWIGART**

By: <u>Joshua B. Swigart, Esq.</u>
Joshua B. Swigart, Esq.

<u>Additional Attorneys for Plaintiff:</u>

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Complaint for Damages